No. 23-469

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JOHN HOLCOMB.

*Defendant-Appellant.*

On Appeal from the United States District Court
for the Western District of Washington
No. 2:21-cr-00075-RSL
Honorable Judge Robert S. Lasnik

## BRIEF OF *AMICI CURIAE* DIGITAL FORENSIC EXAMINERS IN
## SUPPORT OF DEFENDANT-APPELLANT

John C. Ellis, Jr.
Law Offices of John C. Ellis, Jr.
2495 Truxtun Road, Suite 206
San Diego, CA 92101
(619) 501-5522
john@johnellislaw.com

*Counsel for Amici Curiae*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 29(a)(4)(A) of the Federal Rules of Appellate Procedure, amici curiae state that they do not have a parent corporation and that no publicly held corporation owns 10% or more of their stock.

Date: November 20, 2023

/s/ John C. Ellis
John C. Ellis

*Counsel for Amici Curiae*

i

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................................. iii

STATEMENT OF INTEREST..............................................................................1

SUMMARY OF ARGUMENT..............................................................................3

ARGUMENT ........................................................................................................3

    I.  The government relies in part on a claim that criminals can easily hide their tracks. ..............................................................................................................3

    II.  In fact, changing file extensions to disguise their content will not fool digital forensic tools. .................................................................................................4

        A.  Investigators may be able to determine the type of file based on metadata despite the name or extension the user assigns to the file..........................4

        B.  Investigators may be able to determine the date and time of a file based on metadata.................................................................................................7

CONCLUSION....................................................................................................13

CERTIFICATE OF SERVICE ............................................................................14

# TABLE OF AUTHORITIES

**Other Authorities**

*List of File Signatures*, https://en.wikipedia.org/wiki/List_of_file_signatures. ........4

Stefan Fleischmann, *X-Ways Software Technology Manual* 143, https://www.x-ways.net/winhex/manual.pdf ...................................................................................5

## STATEMENT OF INTEREST OF *AMICI CURIAE*[1]

**John Ellis** is a criminal defense attorney, digital forensic consultant, and adjunct professor of law. Since 2015 and continuing to the present day, he is trained and certified in the use of forensic tools used to analyze electronic data on computers and mobile phones. John has been appointed as National Coordinating Discovery Attorney in over forty-two cases across multiple jurisdictions.

**Brian Chase** is an attorney, part-time professor of law, and Managing Director of Digital Forensics at ArcherHall. ArcherHall is a national digital forensics and eDiscovery provider. Brian has worked as a consultant and expert witness for over a decade. He is a frequent speaker on digital forensics topics, including search and seizures issues as they relate to digital evidence.

**Ernest Koeberlein** is a digital forensic expert with an undergraduate degree in Physics, and a Masters in Criminal Justice majoring in Digital Forensics, and was an adjunct professor of criminal justice. He has extensive training with a multitude of forensic tools ranging from traditional computers, multimedia, GPS and cell site location mappings, through Cellebrite and cell phone forensics since 2012. He has

---

[1] Pursuant to Rule 29(a)(2), counsel for amici curiae states that all parties have consented to the filing of this brief. Pursuant to Rule 29(a)(4)(E), counsel for amici curiae certifies that no person other than *amici curiae*, their members, or their counsel made a monetary contribution to the presentation or submission of this brief. No counsel for a party authored this brief in whole or in part.

worked hundreds of cases over the years in various California state courts and several Federal jurisdiction, and testified in nearly 60 cases. In a previous career Mr. Koeberlein spent 30 years working for NASA at the Jet Propulsion Laboratory working on a number of high profile interplanetary spacecrafts and eventually IT Security.

**Jeff Michael Fischbach**, is founder and President of SecondWave, Inc. a technology consulting firm specializing in forensic technology, evidence preservation, analysis, and authentication. Since 1994, he has served as a technology advisor to numerous professional organizations and corporations and has been engaged as a Forensic Examiner, offering expert advice on matters involving computers and information systems.

## SUMMARY OF ARGUMENT

Forensic examination tools are able to identify file types without relying on the file extension. Moreover, changing the date of a file such that it will not be captured by a forensic tool's date range filters requires sophistication and foresight. For these reasons, forensic investigators do not need authority to open every file on a computer to conduct a comprehensive investigation.

## ARGUMENT

**I.     The government relies in part on a claim that criminals can easily hide their tracks.**

The government in this case argued below that the malleable nature of digital evidence means police must be able to examine essentially any file on a computer when executing a warrant. This claim ignores the fact that today's forensic tools are capable of identifying files by both type and date with great reliability.

Below, the government asserted that the clause in the warrant that authorized police to seize videos from January 26, 2020 to February 4, 2020 also permitted them to view videos on Holcomb's computer from any time frame. It contended that investigators should be allowed to look at any video, regardless of what date their forensic software showed the video had been created. E.R at 26 n.3. The government also contended that, in looking for videos, it should not be limited to the file types shown in the computer's directory, given that "[c]riminals will do all they can to conceal contraband, including the simple expedient of changing the names and

3

extensions of files to disguise their content from the casual observer." *Id*. at 29. Thus, according to the government, investigators should be allowed to look at the contents of any file, not just videos, and regardless of what metadata showed the file's date to be.

## II. In fact, changing file extensions to disguise their content will not fool digital forensic tools.

### A. Investigators may be able to determine the type of file based on metadata despite the name or extension the user assigns to the file.

Digital forensic tools and techniques allow investigators to determine information about the nature of a digital file. As an example, an investigator may be able to determine the type of file based on file attributes, including metadata.

An average user can change the extension of a file, which may change how the computer views the file. For instance, in the following example there is a photograph saved on a computer.

| Name | Date created | Type | Size |
|------|--------------|------|------|
| IMG_2297.jpg | 11/1/2023 6:19 PM | JPG File | 1,699 KB |

The file is "IMG_2297.jpg." Windows includes a date and time for the file—described further below—indicating the file was created on 11/1/2023 at 6:19 PM. The file type is JPG File, which is a standard image file. The file type field is based on the file extension of the image name, ".jpg." Finally, the size of the file is 1,699 KB.

A user can change the file extension of a file by completing the following steps: (1) right click on the file, (2) left click on rename, and (3) delete the current file extension and add a different one.



For this example, a user changed the extension from .jpg to .pdf.



The computer now indicates that the file "type" is Adobe Acrobat Document. Additionally, the icon assigned to the file from the computer appears to be a PDF file.

5

What a casual observer sees is not what a forensic investigator sees. If an investigator viewed what appears to be a PDF file's attributes using digital forensic software, she or he could see that the file is actually a JPG. Here is a screenshot from FTKImager, which is a free forensic tool.

```
Name                                Size   Type            Date Modified
IMG_2297.pdf                        1,699  Regular File    11/2/2023 1:19:32 AM

000000 FF D8 FF E0 00 14 4A 46-49 46 00 01 01 01 01 2C ÿØÿà··JFIF·····,
000010 01 2C 00 00 41 4D 50 46-FF E1 09 E0 45 78 69 66 ·,··AMPFÿá·àExif
000020 00 00 4D 4D 00 2A 00 00-00 08 00 0E 01 0F 00 02 ··MM·*··········
000030 00 00 00 06 00 00 00 B6-01 10 00 02 00 00 00 0A ·······¶········
000040 00 00 00 BC 01 12 00 03-00 00 00 01 00 01 00 00 ···¼············
000050 01 1A 00 05 00 00 00 01-00 00 00 C6 01 1B 00 05 ···········Æ····
000060 00 00 00 01 00 00 00 CE-01 28 00 03 00 00 00 01 ·······Î·(·····
000070 00 02 00 00 01 31 00 02-00 00 00 07 00 00 00 D6 ·····1·········Ö
000080 01 32 00 02 00 00 00 14-00 00 00 DE 01 3C 00 02 ·2·········Þ·<··
000090 00 00 00 0A 00 00 00 F2-01 42 00 04 00 00 00 01 ·······ò·B······
0000a0 00 00 02 00 01 43 00 04-00 00 00 01 00 00 02 00 ·····C··········
```

The program identifies the header of the file—here FF D8 FF EO—that contains the file signature, which shows it is a JPG. All JPG files start with one of several headers: FF D8 FF DB, FF D8 FF E0, FF D8 FF EE, or FF D8 FF E1.

File signatures are standard and readily available to anyone. In fact, there is even a Wikipedia page that lists file signatures for common file types.[2]

Digital forensic software such as FTK, Encase, XWays, and others use the file signature in the header to identify the file type. The tools ignore the ".jpg" or ".pdf" file extension in the file name. The XWays documentation, included when a forensic

---

[2] *List of File Signatures*, https://en.wikipedia.org/wiki/List_of_file_signatures

examiner installs XWays, discusses looking at the file signature, and identifying areas where the file signature does not match the file extension:

> A forensic license allows you to verify file types based on signatures and various algorithms, i.e. detect filename/file type mismatches . . . For example, if someone has concealed an incriminating JPEG picture by naming it "invoice.xls" (wrong filename extension), the recognized file type "jpg" is stated in the Type column . . . [3]

XWays will classify that document as an image, despite the fact that a user tried to conceal it as an .xls (Excel) file. Therefore, the ability of a user to try to hide files by changing the file extension does not impact how a forensic examiner reviews the data. An examiner will still be able to identify all of the images on a computer, even if a file extension has been changed to .pdf, .xls, or any other file format.

**B.      Investigators may be able to determine the date and time of a file based on metadata.**

The picture in the above example shows a creation date of November 1, 2023, at 6:19 pm:

| Name | Date created | Type | Size |
|---|---|---|---|
| IMG_2297.jpg | 11/1/2023 6:19 PM | JPG File | 1,699 KB |

That date reflects the date the image was saved to the computer. The computer assigns the date based on the date and time set for the computer; on a Windows computer this is the date and time displayed at the bottom right corner of the screen.

---

[3] Stefan Fleischmann, *X-Ways Software Technology Manual* 143, https://www.x-ways.net/winhex/manual.pdf.

Most computers are set to obtain the date and time automatically, which will keep the computer showing the correct date and time:



A user can disable this setting and set the computer date and time to whatever time they wish. If, for example, a user sets their computer to January 1, 2005, and then saves a picture to their computer, the computer will show a creation date of January 1, 2005. However, this creation date will not impact the internal metadata for the picture. Digital pictures contain internal metadata known as Exchangeable Image File format ("EXIF") data, a type of metadata associated with digital images. For the above picture, this is the EXIF data:

| Origin | |
|---|---|
| Authors | |
| Date taken | 11/1/2023 6:10 PM |

8

This shows that the picture was taken on November 1, 2023, at 6:10pm.

Additionally, for this image, the EXIF data shows which type of device captured this picture:

| Camera | |
|---|---|
| Camera maker | Apple |
| Camera model | iPhone 12 |

Here, we can see that this picture was taken with an Apple iPhone 12. Computer forensic tools will show the examiner both the creation date reflected by the computer's date and time, as well as the internal EXIF data that shows the date and time the picture or video was captured.

If a user were to change their computer's date and time in an attempt to show a different creation date for a file, the internal metadata for that file would not be impacted. In the situation described above, where a user changes their computer's date and time, the forensic tools would show a capture date of November 1, 2023, but a creation date of January 1, 2005. For example, below is how the above image appears inside Magnet's Axiom program, a popular computer and mobile forensics tool:



| Image | File N... | File... | Created Date/Time - Local Time | Created Date/Time | Size (Bytes) | Soft... | Make | Model | Lens Model |
|---|---|---|---|---|---|---|---|---|---|
|  | IMG_2297.pdf | .pdf | 11/1/2023 6:10:46 PM (Local time) | 11/1/2023 6:19:31 PM | 1590291 | 16.6.1 | Apple | iPhone 12 | iPhone 12 back dual wide camera 4.2mm f/1.6 |

Axiom displays the computer system created date/time, and the date and time the picture was taken (or captured), as well as a preview of the image.

Moreover, if an examiner uses a date filter in the forensic tools to search for files on a computer from October 31, 2023 to November 2, 2023, this file would show up in the result regardless if the user changed the creation date to January 1, 2005. Additionally, the examiner would see the discrepancy between the capture date and creation date, which could establish reasons to delve further into the reason for such a discrepancy.

A user can change the date and/or time of a file, including the capture date of an image. In the following example, a user changed the "date taken" to November 14, 2023.



When this file is viewed in a digital forensic program, such as Cellebrite Physical Analyzer, additional information is provided.

10

| Name: | IMG_2297.jpg |
|---|---|
| Type: | Images |
| Size (bytes): | 1596925 |
| Path: | Part 2/IMG_2297.jpg |
| Created: | 11/1/2023 6:19:31 PM(UTC-7) |
| Accessed: | 11/14/2023 11:24:43 AM(UTC-8) |
| Modified: | 11/14/2023 11:24:43 AM(UTC-8) |
| Changed: | |
| Deleted: | |
| Extraction: | Legacy |
| MD5: | ce98b658931a5a59bc9558f039f18039 |
| Source file: | IMG_2297.jpg |

### Metadata

| Camera Make: | Apple |
|---|---|
| Camera Model: | iPhone 12 |
| Capture Time: | 11/14/2023 6:10:46 PM |
| Pixel resolution: | 4032x3024 |
| Resolution: | 72x72 (Unit: Inch) |
| Orientation: | Horizontal (normal) |
| Lat/Lon: | 32.736144 / -117.213762 |

The captured date is now November 14, 2023 at 6:10:46 PM. But the date it was created, or originally saved on the computer, remains November 1, 2023.

A sophisticated user could change the dates reflecting when an image is captured and saved on a computer to make it look as if it was captured at an earlier time. To do that successfully, however, the user would have to complete the following steps:

1) Change the computer's date/time;

2) Save the picture to the computer;

3) Edit the picture's capture date; and

4) Return the computer to the correct date/time.

11

If there were multiple files, the user would have to change the metadata for each file saved to the computer using this process.

Further, computer files have many date stamps associated with them and stored as metadata. The most common are the date of modification, the date last accessed, and the creation date. There may be other date stamps as well. To evade forensic software, the suspect would have to find and edit all of those dates to be outside of the search time frame. If the dates were inconsistent, forensic software would note the discrepancy, though there can be innocent reasons for the inconsistency.

While all of these steps are possible, there would be little reason for a user to do this. Changing the date and time would not impact the visibility of that file while using the computer normally. In other words, a user browsing their files using Windows Explorer would still see the files, regardless of their date. The changes would only impact the visibility of that file for a forensic examiner using a date range to search on a computer. A user would have to know that their computer was likely to be seized and searched by law enforcement and that law enforcement would be using a date range filter to search for files. The user would also have to choose this method of obfuscation, rather than deleting the files or encrypting them. Absent this very specific situation, there would not be no value for a person to take the above steps.

**CONCLUSION**

Because forensic examination tools are able to identify file types and dates even when a suspect has modified that information, forensic investigators do not need authority to open every file on a computer to conduct a comprehensive investigation. This Court should not adopt the government's argument that forensic investigators must, even if cursorily, have authority to view computer files at their discretion.

Dated: November 20, 2023

/s/ John C. Ellis, Jr.
John C. Ellis, Jr.
Law Offices of John C. Ellis, Jr.
2495 Truxtun Road, Suite 206
San Diego, CA 92101
(619) 501-5522
john@johnellislaw.com
*Counsel for Amici Curiae*

13

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Brief of Amici Curiae, on counsel for all parties, electronically through the ECF System, on this 20th day of November, 2023.

Dated: November 20, 2023

/s/ John C. Ellis, Jr.
Law Offices of John C. Ellis, Jr.
2495 Truxtun Road, Suite 206
San Diego, CA 92101
(619) 501-5522
john@johnellislaw.com

*Counsel for Amici Curiae*

14

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)**

    I am the attorney or self-represented party.

    **This brief contains _____ words,** including _____ words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

    I certify that this brief *(select only one)*:

☐ complies with the word limit of Cir. R. 32-1.

☐ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

☐ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

☐ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

☐ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    ☐ it is a joint brief submitted by separately represented parties.
    ☐ a party or parties are filing a single brief in response to multiple briefs.
    ☐ a party or parties are filing a single brief in response to a longer joint brief.

☐ complies with the length limit designated by court order dated                 .

☐ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature**                                         **Date**
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**                                          *Rev. 12/01/22*