

**U.S. Department of Justice**

*United States Attorney*
*Western District of Washington*

*Please reply to:*
*Teal Luthy Miller*
*Assistant United States Attorney*
*Direct Line: (206) 553-4737*

*700 Stewart Street, Suite 5220*  *Tel: (206) 553-7970*
*Seattle WA, 98101-1271*  *Fax: (206) 553-0755*
*www.usdoj.gov/usao/waw*

August 27, 2024

VIA ECF

Ms. Molly Dwyer, Clerk
United States Court of Appeals
 for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103-1526

Re:   *United States v. Holcomb*, No. 23-469 (scheduled for oral argument on September 10, 2024, in Seattle)

Dear Ms. Dwyer:

The United States submits under Fed. R. App. P. 28(j) the D.C. Circuit's recent decision in *United States v. Smith*, 108 F.4th 872 (D.C. Cir. 2024).

The *Smith* Court rejected a particularity challenge to a warrant authorizing the search and seizure of all cellular phones, computers, and other electronic devices in the suspect's home and "the extraction of all electronic data stored inside of them." *Smith*, 108 F.4th at 875, 878–880.

The Court held that the warrant permissibly authorized the seizure and search of sixteen electronic devices found during the search because police had "ample cause" to believe that they would find "multiple devices containing incriminating evidence," and the conduct set out in the warrant affidavit made it reasonable to suspect that the defendant "could well have transferred evidence of his conduct onto multiple devices . . . in the normal course of cycling through devices" or because he "wanted to make backup copies of photos or disperse evidence across multiple devices." *Id*. at 879. The Court alternatively held that the good-faith exception precluded suppression. *Id*. at 880.

Ms. Molly Dwyer, Clerk
Page 2
August 27, 2024

      The Court also rejected on good-faith grounds defendant's contention that the warrant was overbroad because it did not limit scope of the data to be searched: "Given the information in the affidavit and the fact that incriminating data was likely to exist in many forms—including text messages, photos, and internet activity—a reasonable officer could have concluded that probable cause existed for the scope of the search." 108 F.4th at 880.

      The warrant in *Smith* authorized a broader search than the warrant here on similar facts —reason to believe that electronic communications, videos, and photos evidencing alleged sexual abuse (*Smith*) or alleged rape (here) would be found on electronic devices, and grounds to suspect that the suspect might have moved, copied, or altered some of that evidence.

      The warrant affidavit here set out ample grounds to suspect that incriminating data and attribution information might be found within the scope of the warrant. This Court should hold that the warrant was not overbroad and that the good-faith exception precludes suppression.

      Respectfully submitted,

      TESSA M. GORMAN
      United States Attorney
      Western District of Washington

      */s/ Teal Luthy Miller*
      TEAL LUTHY MILLER
      MATTHEW P. HAMPTON
      Assistant United States Attorney