UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | 9th Cir. No. 23-469 |
| Plaintiff-Appellee, | USDC No. 2:21-cr-00075-RSL-1 Western District of Washington (Seattle) |
| v. | |
| JOHN HOLCOMB, | MOTION TO RECONSIDER NONDISPOSITIVE ORDER |
| Defendant-Appellant. | |

John Holcomb, through counsel, respectfully moves the Court pursuant to

Federal Rules of Appellate Procedure 10 and 27 to vacate its September 12, 2025,

Order (dkt. 69.1) requiring the Government to provide electronic copies to the

Court of videos that are not part of the record below.

I.      STATEMENT OF FACTS

On September 12, 2025, the Court issued the following Order:

Within seven days of the date of this order, the government shall
transmit, under seal, three electronic copies of the video described on
pages 142–43 of the Excerpts of Record, as well as any additional
video pertinent to the incident. The video(s) shall be transmitted to the
court in encrypted and/or password-protected digital format on three
separate thumb drives or disks. The password or encryption key shall
be emailed separately to the Clerk of the Court. The exhibit shall not

1

be served on the Defendant but shall be made available to Defendant's counsel upon request.

Dkt. 69-1.

Neither the videos mentioned in the referenced pages of the excerpts of record nor any other videos that might be "pertinent to the incident" are contained in the district court record. Further, nothing in the record identifies what videos, other than the two mentioned in the referenced pages of the excerpt of record (one ending at timestamp 1956 and one ending at timestamp 2355), were ever viewed by law enforcement.

## II. THE RECORD ON APPEAL CANNOT BE EXPANDED EXCEPT UNDER NARROW CIRCUMSTANCES NOT APPLICABLE HERE.

"The only proper function of a court of appeals is to review the decision below on the basis of the record that was before the district court." *Fassett v. Delta Kappa Epsilon (New York)*, 807 F.2d 1150, 1165 (3d Cir. 1986). Consistent with this doctrine, Federal Rule of Appellate Procedure 10(a) provides that the record on appeal shall consist of "the original papers and exhibits filed in the District Court," "the transcript of proceedings, if any," and a certified copy of the district court docket.

This Court has stated this rule on multiple occasions. *See, e.g.*, *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) ("Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's

record and cannot be part of the record on appeal."). In fact, "[t]his limitation is fundamental." *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003). There are narrow exceptions to this rule, as recognized in *Lowry*, but none are applicable here. There is no dispute about whether the record "truly discloses what occurred in the district court," and neither party has contended that anything material was omitted or misstated from the record. *See* Fed. R. App. P. 10(e)(1) and 10(e)(2).

Beyond the few exceptions set forth in Rule 10(e), *Lowry* noted that this Court retains some inherent authority to supplement the record, but only in "extraordinary cases," such as when new facts render a case moot or divest the Court of jurisdiction. 329 F.3d at 1024. There are no extraordinary circumstances here that call for supplementing the record with material not before the district court, when this Court is reviewing that court's decision on the record before it.

Further, even if the Court could review evidence that is not part of the record and draw its own conclusions about what that evidence showed or didn't show, it would not affect the issues.

In regard to the issue of law enforcement's failure to present the video to a magistrate judge before continuing to search Mr. Holcomb's computer (Opening Brief at 26–36), the Government has never disputed that the police and deputy prosecutor "observed nothing in the evidence that supports an allegation involving forcible sexual contact." ER-79; *see also* ER-143 (the video evidence showed a

consensual sexual encounter); ER-150 (detective's description of the video evidence as "additional exculpatory evidence"). Given these facts, the issue on appeal is whether the police "effectively usurped the magistrate's duty to conduct an independent evaluation of probable cause," *United States v. Perkins*, 850 F.3d 1109, 1118 (9th Cir. 2017), and were required to seek a new warrant when they discovered additional information "that decreases the likelihood that the defendant has engaged, or is engaging, in criminal activity." *United States v. Ortiz-Hernandez*, 427 F.3d 567, 574 (9th Cir. 2005); Reply Brief at 7–16.

Second, the contents of the video are irrelevant to whether the Riquelme warrant was overbroad and lacked particularity. These issues turn entirely on the dominion and control provision in the warrant itself. Opening Brief at 36–60; Reply Brief at 16–30. Nor are the videos' contents relevant to the issue that divided the majority and the partial dissent.

Finally, the portion of the Order directing the government to provide "any additional video pertinent to the incident" is problematic for additional reasons. There is nothing in the record that shows which, if any, other videos were viewed by law enforcement, and it invites the government to make its own determination of what videos are "pertinent to the incident."

### III.   CONCLUSION

For the reasons stated above, the Court should vacate its September 12,

2025, Order.

DATED this 15th day of September 2025.

> Respectfully submitted,
>
> s/ *Colin Fieman*
> s/ *Alan Zarky*
> s/ *Gregory Geist*
> Attorneys for John Holcomb